IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KENNEY KUNTE SMITH | § | |
| VS. | § | CIVIL ACTION NO. 9:18-CV-191 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner, Kenney Kunte Smith, an inmate confined at the Polunsky Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Background

On November 14, 2018, this Court entered a Memorandum Opinion and Order denying petitioner's application to proceed *in forma pauperis* (docket entry no. 3). This Court ordered petitioner to pay the $5.00 filing fee within thirty (30) days from entry of the order. Petitioner received a copy of the order on November 22, 2018. On February 1, 2019, petitioner filed a Motion for Summary Judgment (docket entry no. 5). In the motion, petitioner states he has a hold amount of $294.68 on his inmate trust account as of September 28, 2018. Petitioner, however, does not attach a current copy of his inmate trust account. Furthermore, the income trust statement provided by petitioner on October 16, 2018 does not reflect any hold on petitioner's inmate trust account.

### Standard of Review

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. *Celotex*, 477 U.S. at 322-23; *ContiCommodity Servs., Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted). Furthermore, there must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," unsubstantiated assertions, or the presence of a "scintilla of evidence" is not enough to create a real controversy regarding material facts. *See, e.g. Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir. 1994). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Discussion

Petitioner moves for partial summary judgment but does not state on what grounds. It is presumed that petitioner is attempting to bypass paying the full filing fee of $5.00 by arguing he has a hold on his inmate trust account. The inmate trust account provided by petitioner on October 16, 2018 directly refutes petitioner's contention that he had a hold on his account in September of 2018.

In reviewing petitioner's motion for summary judgment, it is evident that petitioner has failed to meet his burden. The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on

2

file, and affidavits, if any, which support its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988).

Petitioner has failed to identify any pleadings, discovery and/or provide an affidavit in support of his motion for summary judgment. Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990).

## Order

It is **ORDERED** that Petitioner's Motion for Summary Judgment (docket entry no. 5) is **DENIED**. Petitioner has twenty days from entry below to pay the full $5.00 filing fee. Failure to do so will result in dismissal of this action for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

So **ORDERED** and **SIGNED** February 7, 2019.

_____
Ron Clark, Senior District Judge